IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Proceeding |
| | ) | |
| TEKNEK, LLC | ) | |
| | ) | Case No. 05 B 27545 |
| Debtor. | ) | |
| _____ | ) | Judge Jacqueline P. Cox |
| | ) | |
| LAWRENCE FISHER, TRUSTEE, | ) | |
| | ) | Adversary No. 06-00412 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| SHEILA HAMILTON, et.al. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF TECHNICA USA, INC. TO QUASH SUBPOENA DUCES TECUM**

Technica USA, Inc. ("Technica"), pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, which is applicable to these proceedings by Rule 7045 of the Federal Rules of Bankruptcy Procedure, objects to the Subpoena Duces Tecum issued by the successor trustee, Philip Levey, on behalf of the plaintiff, Lawrence Fisher, Trustee for the Estate of Teknek, LLC (the "Trustee") to Technica. Technica has filed its Motion of Technica USA, Inc. to Quash Subpoena Duces Tecum (the "Motion to Quash") and offers this memorandum of law in support of the Motion to Quash.

**STANDARD**

1. Fed.R.Civ.P. Rule 26 permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Discoverable information is not limited to that which would be admissible at trial. Id. Information is relevant for purposes of Fed.R.Civ.P. Rule 26 "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Fed.R.Civ.P. Rule

45(c) provides protection for persons subject to subpoenas.  Under Fed.R.Civ.P. Rule 45(c)(3), a court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies."  Fed.R.Civ.P. 45(c)(3)(A)(iii).

2. The Second Circuit expressed a clear rule with regard to discovery and disclosure in In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 (2d Cir. 2003):

> Nevertheless, the federal rules give district courts broad discretion to manage the manner in which discovery proceeds.  In particular, Rule 26(b)(2) permits a district court to limit "[t]he frequency or extent of use of the discovery methods otherwise permitted under [the federal] rules" if it determines that (1) the discovery sought is unreasonably cumulative or duplicative, or more readily obtainable from another source; (2) the party seeking discovery already has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(i)-(iii).  Moreover, Rule 26(c) provides that "for good cause shown" a court may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including that the discovery not be had or that it be had only by a method other than that selected by the party seeking discovery.  Fed.R.Civ.P. 26(c)(1), (3).
>
> Id.

3. The 1991 amendments to Fed.R.Civ.P. Rule 45 brought about extensive changes in the text of the rule.  Among the most significant are the express inclusion of a number of protections for the person served with a subpoena.  These are set out in a subdivision (c).  Specifically, Fed.R.Civ.P. Rule 45(c)(1) imposes upon the party issuing a subpoena a duty to avoid imposing an undue burden or expense on the person or entity subject to the subpoena.  In addition, Fed.R.Civ.P. Rule 45(c)(3) requires the district court, upon motion, to quash a subpoena if it: fails to allow a reasonable time for compliance; or requires the disclosure of privileged or other protected matter; subjects a person to undue burden; requires disclosure of a trade secret or other confidential research, development,

or commercial information; or requires the disclosure of an unretained expert's opinion. See, Fed.R.Civ.P. 45.

## BACKGROUND

4. The Trustee served a subpoena duces tecum (the "Subpoena") dated July 5, 2006 on Technica, a company in Menlo Park, California that purchases products from Tekena. A copy of the Subpoena is attached to the Motion to Quash as Exhibit "A".

5. The Subpoena imposes unreasonable burdens on Technica.

6. Fed.R.Civ.P. Rule 45 is designed to protect non-parties to federal litigation from subpoenas that impose "undue burden or expense." Technica respectfully submits that the Subpoena issued in this case falls squarely within that category of unnecessary burden and expense.

### Technica Has Standing to Bring This Motion

7. As a threshold issue, Technica has standing to move to quash the Subpoena, since it is the recipient of the Subpoena.

### This Court Has Jurisdiction

8. Because this Court has jurisdiction over this adversary proceeding, it has subject matter jurisdiction to hear this motion. First, the Trustee did not open an ancillary case in a United States Bankrutpcy Court in California. As such, there is no pending case in another jurisdiction in which to file this motion. Second, in multidistrict litigation, the court charged with overseeing the primary proceedings may rule with regard to a motion

to quash subpoenas.  See, In re Subpoenas Served on Wilmer, Cutler & Pickering & Goodwin Proctor LLP, 255 F.Supp.2d 1 (D.C. D.C.2003).

**The Trustee Has Refused to Seek Documents Through Discovery**

9. This Court should quash the Subpoena due to the Trustee's failure to seek discoverable information from Tekena, either directly or through the assistance of the receiver appointed by this Court.  The discovery being sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.  Fed.R.Civ.P. Rule 26(b)(2).  The more convenient, less burdensome, or less expensive sources being the Movants, the other defendants, the Trustee's records and the Receiver.

10. Fed.R.Civ.P. Rule 26((b)(2)(i) provides:

> (2) Limitations. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30.  By order or local rule, the court may also limit the number of requests under Rule 36.  The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;

Fed.R.Civ.P. 26((b)(2)(i) (emphasis supplied).

**The Subpoena Is Overly Broad, Unduly Burdensome and Seeks
Documents and Information Not Relevant to the Litigation**

11. The Trustee filed a six count Amended Complaint.  Count I seeks to avoid transfers to Kennett, Hamilton, Tekena, Rollinson, Sandilands, Gutierrez and Wilberg under §544 and 740 ILCS 160/5.  The Trustee also seeks to recover property transferred or the value thereof from all defendants for the benefit of the Estate under §550.  Count II seeks to

pierce the corporate veil of the debtor and Kenham to hold Kennett and Hamilton personally liable and seeks injunctive relief against all the defendants. Count III seeks recovery of wrongful distributions by the debtor to Kennett and Hamilton in 2003 and seeks injunctive relief against all the defendants. Count IV alleges Kennett and Hamilton breached fiduciary duties to the debtor and seeks award of damages against Hamilton and Kennett for breaches along with injunctive relief against all the defendants. Count V seeks turnover under §§541 and 542 of an Audi automobile as property of the Estate, and seeks injunctive relief against all the defendants. Count VI alleges fraudulent transfer of Teknek America's assets to Tekena and Rollinson, and fraudulent transfer by Rollinson of membership interests to Sandilands, Gutierrez and Wilberg under §544, §548 and §5 of UFTA and seeks recovery from Kenham, Tekena, Rollinson, Gutierrez, Sandilands and Wilberg under §550.

12. The Subpoena does not seek information relating to the issues in the adversary proceeding case and are thus overly broad. The first category of documents sought in the subpoenas seeks production of all documents sent to or delivered to Technica.

> You are requested to produce copies of all documents, including but not limited to cancelled checks, emails (with attachments), fax or mail correspondence, etc., sent to or received by anyone at Technica USA, including but not limited to employees, independent contractors, officers, directors, agents, etc. to and from anyone at Teknek America LLC, Teknek LLC, Kenham LLC, Tekena USA, lnc., Teknek Electronics Ltd, Teknek Manufacturing, Ltd., Teknek Holdings, Ltd., or any of their related entities or individuals including, but not limited to, Sheila Hamilton, Jonathan Kennett, Mark Rollinson, Alan Sandilands, William Gutierrez and/or Jerry Wilberg for the time period of January 1, 2004 through the date of the Subpoena.

13. The second category is a large subset of the first category. The Trustee seeks:

> Any and all documents evidencing the amounts charged, billed, invoiced, paid, received or otherwise related to the purchase and/or sale of any goods or machinery manufactured, supplied or sold by or through Teknek Manufacturing, Teknek, LLC, Teknek America, LLC, Kenham, LLC, Tekena, LLC, or any other entity owned, operated, managed or otherwise controlled by Jonathan Kennett and/or Sheila Hamilton, including but not limited to, invoices, bills of lading, purchase orders, statements, correspondence, proposals, estimates, checks, transfer or wire memos or other evidence of the payment or receipt of any funds in relation thereto.

14. This Court should quash the Subpoena due to undue burden. Fed.R.Civ.P. Rule 45(c)(A)(iv). In <u>Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.,</u> 333 F.3d 38, 41-42 (1st Cir. 2003), the First Circuit stated:

> The burden on the non-party Heidelberg, by contrast, appears to be significant. See <u>Cusumano v. Microsoft Corp.</u>, 162 F.3d 708, 717 (1st Cir.1998) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs[.]"). The subpoena encompasses a decade's worth of materials and asks for "all documents received, reviewed or generated by Heidelberg ... relating to ... any ... type of business affiliation with Goss." (emphasis supplied). Given this apparent imbalance between TKS' need and the imposition on Heidelberg, the court permissibly granted the latter relief under Fed.R.Civ.P. 45(c)(3).
>
> <u>Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.,</u> 333 F.3d 38
>
> (1st Cir. 2003)(footnote omitted)

15. Responding to the Subpoena will cause considerable burden to Technica. Technica is a major distributor in the western states, with over 300 customers. Technica's files are organized by customer. Technica's records prior to the current year are maintained in an off-site storage facility.

16. In order to respond to the Subpoena, Technica would have to have an employee carefully review hundreds of boxes of records from the past two and a half years, most of which

- 6 -

are stored off-site. Technica estimates that it would take at least 40-60 man hours to obtain the records from storage and review the records in response to the Subpoena. That does not include the time and cost of organizing and copying all the responsive documents. Technica averages approximately 1200 invoices per month. Combining that with the purchase orders, payment records, correspondence, bills of lading and other related documents, responding to the Subpoena would be an enormous undertaking.

17. Technica does not have an employee available to devote full time for a week or two to respond to the Subpoena. Technica does not wish to hire a temporary worker for this purpose, and Technica doubts the quality of review by such an individual unfamiliar with the business and industry.

18. The only information that Technica can recall being in documents between it and Tekena, Teknek America or Teknek, LLC is information regarding pricing and negotiations, shipments and payments. There is no basis to believe the alleged transfer of assets was discussed. The Subpoena asks for all documents without limitation.

19. The purpose of the request and its relation to the causes of action would be a mystery if not for the fact that the Trustee's counsel is also SDI's counsel and SDI is Tekena's competitor. SDI sells products that compete directly with the products that Tekena sells. As the U.S. distributor of those products, Tekena's sales take business away from SDI. Technica is being forced to incur the expense of time and employee productivity to benefit SDI's apparent campaign against Tekena. Technica is concerned that it is stuck in the middle of a fight between the Trustee and the debtor's owners. If a request for all documents from Technica is neither overbroad nor burdensome, nothing is.

20. Clearly, the Subpoena will cause substantial hours of searching. Technica may have to hire someone specifically for this purpose, or incur substantial overtime costs, while trying to continue to operate its business.

21. Documents subpoenaed may be found to be unduly burdensome if it is duplicative of previously-produced or available evidence; See, <u>Pharma, Inc. v. Kremers Urban Development Co.</u>, 361 F.Supp.2d 770 (N.D.Ill. 2005).

22. Because of the complete lack of nexus to the causes of action, the Subpoena imposes an enormous burden on Technica.

23. The scope of production is the same as the scope for discovery generally under Fed.R.Civ.P. Rule 26. <u>Transcor, Inc. v. Furney Charters, Inc.</u>, 212 F.R.D. 588, 591, n.4 (D. Kan. 2003). There is nothing relevant or germane about the documents in the possession of Technica concerning its relationship with Tekena that relates to the above-referenced action.

24. Fed.R.Civ.P. Rule 26 provides that the scope of discovery is limited to "any matter, not privileged, that is relevant to the claim or defense of any party." Therefore, discovery requests are improper if they seek information that is privileged or irrelevant. In addition, Fed.R.Civ.P. Rule 45(c)(3)(A)(iii) and (iv) provide that subpoenas shall be quashed or modified if they seek disclosure of privileged matter or subject a person to undue burden. This overly broad request filed by Plaintiff clearly falls within the proscription against irrelevant, privileged and burdensome discovery. See <u>United States v. Quinones-Sandoval</u>, 943 F.2d 771, 773-74 (7th Cir. 1991) (subpoena requesting all records relating to arresting officers' prior stops, warnings, tickets, searches, and arrests properly quashed

as unreasonable, oppressive, and irrelevant) and <u>Sabo v. Standard Oil Company of Indiana</u>, 295 F.2d 893, 894 (7th Cir. 1961) (subpoena calling for virtually the entire office files of the defendant properly quashed as oppressive and irrelevant).

25. This Court should quash the Subpoena, because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. Rule 26(b)(2)(iii). Therefore, Technica respectfully requests that the Court quash the Subpoena as being overly broad and without any proper scope.

**The Subpoena Demands Disclosure of Trade Secrets & Confidential Information**

26. The Subpoena requests documents containing proprietary information of Technica. This proprietary information constitutes sensitive financial information regarding Technica's operations and therefore constitutes a trade secret under the Federal Rules of Civil Procedure. This Court should quash the Subpoena, because the Trustee seeks privileged information not germane to this adversary proceeding. Fed.R.Civ.P. Rule 45(c)(A)(iii). Given the highly sensitive nature of this commercial information and the compelling trade secrets at issue, Technica should not be required to disclose the requested documents because it could cause it substantial economic harm.

27. Fed.R.Civ.P. Rule 45(c) provides in pertinent part:

> (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies,

> (B) If a subpoena . . . (i) requires disclosure of a trade secret or other confidential research, development, or commercial information . . .

Fed.R.Civ.P. Rule 45(c)(3)(A) and (B) (emphasis added).

28. The Advisory Committee comments recognize the mirror provisions of Fed.R.Civ.P. Rule 26(c) with the provisions of Fed.R.Civ.P. Rule 45 concerning the protection of trade secrets and confidential information:

> Clause (c)(3)(B)(i) authorizes the court to quash, modify, or condition a subpoena to protect the person subject to or affected by the subpoena from unnecessary or unduly harmful disclosures of confidential information. It corresponds to Rule 26(c)(7). Accordingly, decisions interpreting the reach of the trade secret or confidential information exclusion contained in Rule 26(c)(7) are applicable to interpret the identical provisions of Rule 45 and vice versa.

Fed.R.Civ.P. 45; see also, In re S3 Ltd., 242 B.R. 872 (Bankr. E.D. Va. 1999).

29. The Subpoena that the Trustee's counsel (and therefore SDI's counsel) issued seeks production of every document in place between Tekena and Technica. While this may be of great value to SDI in crafting a strategy to compete with Tekena, those documents bear no relationship to the counts asserted in the above-captioned lawsuit. The requests include proprietary information that if made available to Tekena's competitor, SDI, could prove to result in damage to Technica's trading in the marketplace for products to sell to its customers. The documents would provide to SDI great insight into Technica's business and business practices.

30. Technica's concern over SDI's use of the subpoenaed information is not without basis. Technica believes that the Subpoena is an attempt by SDI to disrupt Tekena's business, and that of Tekena's customers, and to obtain information about Tekena's transactions with its customers. Several years ago, SDI contacted Technica numerous times in an effort to persuade Technica to switch to working as a distributor and representative for

SDI.  At that time, SDI advised Technica that if Technica did not switch to SDI, Technica's business would suffer as a result of SDI's litigation against Tekena.

31. This Court should quash the Subpoena, because the Trustee requires disclosure of a trade secret or other confidential research, development, or commercial information. Fed.R.Civ.P. Rule 45(c)(B)(i).

32. Technica has taken great care to keep its pricing strategy and negotiating strategies secret.

33. It is important to note that the Trustee is using confidential information (the names of Tekena's customers) obtained pursuant to a protective order.  By serving the Subpoena, the Trustee violated the protective order through the disclosure of Technica's name.  In essence, the Trustee is seeking privileged information barred under Fed.R.Civ.P. Rule 45(c)(3)(A)(iii) and in violation of the spirit of the protective order.  Presumably, the Trustee will argue that the information produced from these confidential creditors cannot be deemed confidential under the protective order.

**The Subpoena Should be Quashed, as It Was Improperly Issued and Served**

34. The Subpoena was not properly issued by the appropriate court, was not signed by an authorized representative of such court, and was not properly served.

35. The Subpoena purportedly issued from the United States Bankruptcy Court for the Northern District of California, San Francisco Division.  The Subpoena was issued and signed by Joji Takada, one of the attorneys for the Trustee, who is employed by the firm of Freeborn & Peters, LLP in Chicago.  The Subpoena was served by certified mail.

36. Rule 45 sets forth the requirements for issuance of subpoenas. Rule 45 (a)(2) states "If separate from a subpoena commanding the attendance of a person, a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made." Rule 45(a)(3) provides that "An attorney as office of the court may also issue and sign a subpoena on behalf of (A) a court in which the attorney is authorized to practice; or (B) a court for a district in which a deposition or production is compelled by the subpoena, if the deposition or production pertains to an action pending in a court in which the attorney is authorized to practice."

37. Rule 45 also states the requirements for service of subpoenas. Rule 45(b)(1) provides for service by personal delivery on the subpoenaed part. Rule 45(b)(2) provides that "a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the . . . production . . . specified in the subpoena . . .".

38. Though the production is to be made at the office of Freeborn & Peters in Chicago, the subpoena "issued" from a California bankruptcy court, although it is under the case number from the proceeding pending in this Court. The officer of the court issuing and signing the signature, on information and belief, is not authorized to practice in the California bankruptcy courts. The service of the Subpoena was not by personal delivery, as required under the rule, but by certified mail. The Subpoena was served more than 100 miles from the location of the production of the documents.

39. It appears, then, that the Trustee violated nearly every provision of Rule 45 regarding issuance and service of the Subpoena. The Subpoena must therefore be quashed.

## Conclusion

For each of the above-stated reasons, Technica USA, Inc. objects to the Subpoena Duces Tecum issued by the Trustee and prays that this court quash such subpoena.

Dated: August 2, 2006                              **Technica USA, Inc.**

                                    By:     /s/ Gregory J. Jordan
                                        One of Its Attorneys

Gregory J. Jordan (ARDC #6205510)
Peter J. Schmidt (ARDC #6256638)
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 627-2171
(866) 698-0830 (Facsimile)

CHICAGO\2223499.1
ID\PJSC