## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TEKNEK, LLC, | ) | Case No. 05 B 27545 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |
| | ) | |
| | ) | |
| LAWRENCE FISHER, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 06 A 00412 |
| | ) | |
| SHEILA HAMILTON, JONATHAN | ) | |
| KENNETT, MARK ROLLINSON, ALAN | ) | |
| SANDILANDS, WILL GUTTERIEZ, | ) | |
| JERRY WILBERG, TEKENA, USA, | ) | |
| LLC, and KENHAM, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

As part of an adversary proceeding in the Chapter 7 case of Teknek LLC in the U.S.

Bankruptcy Court for the Northern District of Illinois, the Chapter 7 trustee, as plaintiff, caused

the issuance of five subpoenas for the production of documents to five customers of adversary

defendant Tekena USA, LLC. Because four customers are located in Thiensville, Wisconsin;

Menlo Park, California; Knightdale, North Carolina; and Hacienda Heights, California, the

trustee listed the issuing courts as being the Eastern District of Wisconsin, the Central District of

California, the Eastern District of North Carolina, and the Northern District of California. The

fifth subpoena was not attached to any papers PPG Industries, Inc. filed. The five subpoena

1

respondents brought five motions to quash the subpoenas *duces tecum* in the U.S. Bankruptcy Court for the Northern District of Illinois where both the bankruptcy case and adversary proceeding are pending, arguing that the Court should quash these subpoenas on numerous substantive grounds under Federal Rule of Civil Procedure 45, made applicable by Federal Rule of Bankruptcy Procedure 9016.

Federal courts must begin with the issue of their subject matter jurisdiction and will do so, if necessary, *sua sponte.*

The plain language of Federal Rule of Civil Procedure 45(a)(1)(A)-(B) and (a)(3)(B) indicates that a federal district court issuing a subpoena might not be the same federal district court presiding over the primary civil action in which the subpoena will assist. Federal Rule of Civil Procedure 45(a)(2) further indicates that the appropriate district for the issuance of a subpoena for the production of books, records, and tangible items is "the district in which the production or inspection is to be made." The plaintiff/trustee appears to have conceded that "the district in which the production or inspection is to be made" would have to be the location where the nonparty stores and compiles the items for which the party causing the subpoena to issue demands production; the location of production would not be the district where the office of the law firm to which the production should be sent is located. (Otherwise, the law firm and associated party desiring the subpoena, when located in a district different than and far from the district of the subpoenaed nonparty, could potentially do an end run around the locality protections intended by Federal Rule 45(b)(2), which permits a subpoena to be served "at any place within the district of the court by which it is issued," at least if service could somehow be accomplished in the faraway district from which the subpoena issued.)

2

Here, the four subpoenas on their faces were issued from the Central District of California, the Eastern District of North Carolina, the Northern District of California, and the Eastern District of Wisconsin; the four subpoenas were served in each of the four districts; and the location of the place of production is apparently within each of the four federal districts. These other districts are the districts which house the courts "on behalf of which the subpoena was issued," while the Northern District of Illinois is the district in which the civil action is pending, 45(a)(1)(B). PPG Industries, Inc. failed to establish even these basic facts in its motion and memorandum of law.

Federal Rule 45(c) outlines various protections for "Persons Subject to Subpoenas." The rule three times refers to the federal court adjudicating the various protections as "the court by which the subpoena was issued" or other similar phrase, thereby indicating that the issuing district court and not the district court in which the civil action is pending must hear the subpoena challenge dispute, at least where these two districts are not the same. *See also* Fed. R. Civ. Pro. 37(a)(1) (venue for the enforcement of discovery from nonparties); Fed. R. Civ. Pro. 45(e) (same). Federal courts disagree over the options of a federal district court that issues an ancillary subpoena, i.e., the court that does not preside over the main piece of litigation. On the one hand, the issuing district court may have discretion to hear motions to enforce, quash, or modify the issued subpoenas or to abstain and transfer them to the district in which the main litigation is pending. *In re Digital Equipment Corp.*, 949 F.2d 228, 231 & n.3 (8th Cir. 1991) (opining in brief dicta that the power to transfer the motion would exist). On the other hand, it may have no discretion to transfer the subpoena enforcement proceedings and challenges and instead must hear them, as the plain language of Rule 45(c) indicates repeatedly by referring to

3

the "court by which the subpoena was issued." *In re Sealed Case*, 141 F.3d 337, 341-43 (D.C.

Cir. 1998) (holding that the federal court issuing the subpoena has no statutory or rule-based

authority to transfer litigation concerning such a subpoena to another district court presiding over

the primary litigation); *Kearney v. Jandernoa*, 172 F.R.D. 381, 382-83 (N.D. Ill. 1997); *compare

In re Orthopedic Bone Screw Products Liability Litigation*, 79 F.3d 46, 48 (7th Cir. 1996)

(stating in dicta, "It is not clear to us that any provision in the Judicial Code or the Rules of Civil

Procedure allows a district judge to transfer a particular motion for decision elsewhere. Whole

cases may be transferred under 28 U.S.C. § 1404, and the Panel on Multidistrict Litigation may

transfer pretrial matters to a single court under 28 U.S.C. § 1407. Neither provision applies to a

motion for a protective order."). We need not resolve this controversy in this set of motions.

What is clear even within this legal dispute is that most of these courts agree that whatever

course of action is eventually taken with respect to ancillary subpoenas, it must begin with some

sort of civil proceeding brought before the court issuing the ancillary subpoena; the issuing party

and the subpoenaed respondents do not have the initial option of bringing the subpoena before

the federal court presiding over the main legal proceeding, because it (at least initially) lacks

subject matter jurisdiction.[1] *In re Sealed Case*, 141 F.3d 337, 341-42 & n.4 (D.C. Cir. 1998); *In

re Digital Equipment Corp.*, 949 F.2d 228, 230-31 (8th Cir. 1991); *Steadfast Ins. Co. v. Auto

Marketing Network*, 2001 WL 881354, at *7 (N.D. Ill. 2001); *Kearney v. Jandernoa*, 172 F.R.D.

381, 383 & n.4 (N.D. Ill. 1997). Furthermore, the Court has no subject matter jurisdiction over

---

[1]Certain opinions involving multidistrict litigation (MDL) cases, including *In re Subpoenas Served on
Wilmer, Cutler & Pickering and Goodwin Proctor LLP*, 255 F.Supp.2d 1, 2-3 (D.D.C. 2003), are not on point in this
adversary proceeding, because in those situations, a single federal district judge has been granted statutory authority
to adjudicate pretrial and discovery matters wherever originating for a consolidated group of cases. Even assuming
that such consolidated matters could include adversary proceedings in bankruptcy, the present adversary proceeding
has never been designated for inclusion by the judicial panel on multidistrict litigation.

four of the subpoenas, and the fifth movant has failed to establish any facts by which this Court could determine whether it has such jurisdiction.

The plaintiff/trustee has apparently caused the other federal district courts to issue the five subpoenas without filing or registering the subpoenas in the districts from which they purportedly issue, because each subpoena contains only the bankruptcy case number (05B27545) and adversary proceeding number (06A00412) of the main civil action in this district without any additional number for an ancillary civil action in any of the other districts. Since the subpoenas are apparently defective due to their lack of filing or formal issuance from the other federal district courts, their defects should be brought to the attention of the courts upon appropriate issuance. Due to the lack of subject matter jurisdiction to entertain motions directed toward these subpoenas, the subpoenas are a nullity.

Dated:  August 25, 2006                ENTERED:      *Jacqueline P. Cox*

                                                  *J. P. Cox*
                                       Jacqueline P. Cox
                                       United States Bankruptcy Judge

5